## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **TRISTIAN DON BOWENS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-17-61-R** |
| | ) | |
| | ) | |
| **JOE ALLBAUGH, Director,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## ORDER

Petitioner, a state prisoner appearing *pro se*, seeks a writ of habeas corpus under 28 U.S.C. § 2254 regarding his conviction in the District Court of Grady County in Case No. CF-2011-213. *See* Doc. 1, at 1. Petitioner was tried by jury, convicted of one count of lewd molestation after two or more prior felony convictions, and sentenced to twenty-five years in prison. *Id*.; Doc. 33, at 1–2. Pursuant to 28 U.S.C. § 636(b)(1), the matter was referred to then-United States Magistrate Judge Charles B. Goodwin[1] for preliminary review. On July 11, 2018, Judge Goodwin issued a Report and Recommendation ("R&R"), wherein he recommended the Petition be denied. *See* Doc. 33. The matter is currently before the Court on Petitioner's timely objection[2] to the R&R, *see* Docs. 34, 36, which gives rise to

---

[1] On January 5, 2018, the President of the United States nominated Judge Goodwin to serve as a United States District Judge for the United States District Court for the Western District of Oklahoma. The Senate confirmed the nomination on August 28, 2018, and Judge Goodwin received his judicial commission on August 31, 2018.

[2] On February 1, 2019, Petitioner filed a document titled "Motion to Vacate United States Magistrate's Report and Recommendation Requesting Reissue Anew for Clarification and Inclusion of All Issues" (Doc. 36). The Court treats this as a supplement to Petitioner's original objection and considers both documents in conducting its *de novo* review of the R&R.

the Court's obligation to undertake a *de novo* review of those portions of the R&R to which Petitioner makes specific objection. Having conducted this *de novo* review, the Court ADOPTS Judge Goodwin's R&R and DENIES Petitioner habeas relief.

## I.    <u>Background</u>

Judge Goodwin's R&R recites relevant factual background for this case; the Court need not repeat that background here. However, the Court will summarize this case's procedural history, given Petitioner's numerous state court filings. Petitioner was convicted in District Court of Grady County on November 1, 2013; he was sentenced to twenty-five years imprisonment on January 10, 2014. Doc. 1, at 1. Petitioner appealed his conviction to the Oklahoma Court of Criminal Appeals ("OCCA"), which affirmed Petitioner's conviction and denied him relief on March 23, 2015. *See* Doc. 2-2.[3]

Petitioner filed an application for postconviction relief on October 19, 2015, asserting a litany of evidentiary and procedural errors, purported violations of his due process and confrontation rights, and ineffective assistance of trial and appellate counsel. *See* Docs. 2-3–2-4. The state district court denied Petitioner's application on August 30, 2016, and the OCCA affirmed this denial on December 1, 2016. *See* Docs. 2-7, 2-9.

---

[3] Petitioner raised the following eight grounds for relief on direct appeal: "(1) whether he was bound over at preliminary hearing based on evidence admitted in violation of his right to confrontation; (2) whether prosecutorial misconduct denied him a fair trial; (3) whether the trial court's refusal to allow cross-examination into motivation and bias tied to theory of defense denied him a fair trial and due process; (4) whether the evidence was sufficient to prove lewd molestation; (5) whether his right to a speedy trial was violated; (6) whether the interpreter at trial was a qualified legal interpreter; (7) whether recorded conversations violated the Oklahoma Security of Communications Act; and (8) whether he received the effective assistance of counsel." Doc. 2-2, at 1–2.

Before the OCCA affirmed the state court's denial of his first postconviction application, Petitioner filed a "Motion to Vacate Judgment and Sentence" on October 24, 2016. *See* Doc. 2-10. In this motion Petitioner argued that his due process rights were violated when (1) the state presented hearsay testimony from his minor victim, K.L., without proper notice under Oklahoma state law and (2) the state court judge remanded for a second preliminary hearing after sustaining Petitioner's motion to quash. *Id.* at 1–5. Construing Petitioner's motion as a second application for postconviction relief, the state court adopted the state's response to the motion and denied the application. *See* Docs. 2-12–2-13. The OCCA affirmed the state court's disposition on February 10, 2017, finding any claims raised by Petitioner in his second application either waived or procedurally barred. *See* Doc. 13-13.[4]

Now petitioning for a writ of habeas corpus, Petitioner raises the following grounds for relief:

- **Ground 1**: the state court abused its discretion by remanding Petitioner's case for a new preliminary hearing after granting his motion to quash;

- **Grounds 2-A and 2-B**: the state court violated Petitioner's constitutional rights under the Due Process and Confrontation Clauses by admitting testimonial hearsay evidence;

- **Ground 2-C**: the state court erred by allowing the victim's mother, Kassie Shaw, to testify at trial about statements the victim made to her;

- **Ground 3**: the State committed prosecutorial misconduct;

---

[4] Petitioner also filed a third application for postconviction relief (Doc. 32); the state district court denied the application on July 6, 2017, and the OCCA affirmed the denial on September 18, 2017. *See* Doc. 19-1.

- **<u>Ground 4</u>**: Petitioner was deprived of his right to present a complete defense when child-victim hearsay evidence was admitted without notice, as required by state law;

- **<u>Ground 5</u>**: the state court violated Petitioner's due process rights by allowing the victim's mother to testify about telephone conversation between herself and Petitioner; and

- **<u>Ground 6</u>**: the State offered insufficient evidence to establish probable cause at Petitioner's second preliminary hearing.

*See* Docs. 1, 2, 16, 19.[5]

## II. <u>Analysis</u>

As stated, the Court shall review *de novo* those portions of the R&R to which Petitioner makes specific objection. *See* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."); *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court . . . ."). As Petitioner is *pro se*, the Court liberally construes his habeas petition and objection to the R&R. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, even liberally construing his objection, Petitioner fails to object to Judge Goodwin's disposition of Ground 4 for habeas relief. Accordingly, Petitioner waives *de novo* review, and the Court adopts the R&R as to Ground 4.

---

[5] Grounds 2-C, 5, and 6 (denominated by Petitioner as "Supplement Argument for Ground 2(A)," "Ground Seven," and "Ground Eight") were raised in a supplement to Petitioner's habeas petition, after Judge Goodwin granted Petitioner's motion to amend the petition. *See* Docs. 17–19.

Petitioner objects to Judge Goodwin's disposition of the remaining grounds for habeas relief. But Petitioner offers no basis upon which to question Judge Goodwin's thorough analysis of the issues. Accordingly, the Court adopts Judge Goodwin's R&R and denies Petitioner habeas relief on each of the following grounds.

**(A)**   **Ground 1**

Judge Goodwin held that Petitioner's Ground 1 for habeas relief is procedurally barred and that Petitioner has failed to show the cause and prejudice or potential for a miscarriage of justice necessary to overcome this bar. *See Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007) ("[W]e do not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." (internal quotation marks and citation omitted)). Petitioner first raised Ground 1 in his second application for postconviction relief. *See* Doc. 33, at 6; *see also* Docs. 2-3, 2-10. The OCCA declined to address the merits of Petitioner's claim, finding that Petitioner waived consideration of the claim by failing to raise it on direct appeal. *See* Docs. 2-9, 13-13.

"Before a federal court may grant habeas relief to a state prisoner . . . . [he] must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see also* 28 U.S.C. § 2254(b)(1)(A). "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule"—like Oklahoma's bar on raising claims for postconviction relief that could have been raised on direct appeal—"federal habeas review of the claims is barred unless the prisoner

can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Smith v. Workman*, 550 F.3d 1258, 1267 (10th Cir. 2008) ("Petitioner's substantive . . . claim is procedurally barred given that the OCCA deemed the claim[] waived on an independent and adequate state law ground . . . because it was not raised on direct appeal." (citing *Clayton v. Gibson*, 199 F.3d 1162, 1175 (10th Cir. 1999))).

As cause and prejudice for the default of Ground 1, Petitioner asserts ineffective assistance of counsel. *See* Doc. 1, at 5. "Ineffective assistance of counsel . . . is cause for a procedural default," but an ineffective assistance claim must "be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Murray v. Carrier*, 477 U.S. 488–89 (1986). Moreover, "an ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted . . . ." *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). "In such a situation, a habeas petitioner must excuse an additional layer of procedural default by satisfying the cause and prejudice standard as to the ineffective assistance claim." *Griffin v. Scnurr*, 640 F. App'x 710, 720 (10th Cir. 2016) (citing *Edwards*, 529 U.S. at 453).

Petitioner finds himself in this "double default" scenario. *See* Doc. 33, at 9. Petitioner did not raise Ground 1 until his second application for postconviction relief, and the state courts found Ground 1 waived by Petitioner's failure to raise it on direct appeal. Moreover, Petitioner never argued in his state filings that ineffective assistance of counsel

caused the procedural default of *this* ground for postconviction relief. Petitioner did raise an ineffective assistance claim in his first application for postconviction relief, but that ineffective assistance claim did not pertain to the merits of Ground 1. *See Griffin*, 640 F. App'x at 720 (finding that, while petitioner raised an ineffective assistance of counsel claim in his state petition for postconviction relief, the ineffective assistance claim did not pertain to a particular theory for habeas relief and was, therefore, defaulted).

In his objection to the R&R, Petitioner now argues that he raised Ground 1, along with an accompanying ineffective assistance of counsel claim, in his *first* postconviction application. *See* Doc. 36, at 2–3. Petitioner's assertions are simply untrue. Petitioner specifically points to Proposition II of his first postconviction application as covering the issues presented in Ground 1, but Proposition II, while touching on pretrial matters, addressed alleged violations of Petitioner's right to a speedy trial and the state court's abuse of discretion in allowing the state to amend the information. *See* Doc. 2-3, at 11–17; Doc. 2-4, at 8–11; *see also* Doc. 36, at 2. Ground 1, on the other hand, concerns the state court's alleged error in remanding for a second preliminary hearing after granting Petitioner's motion to quash. *See* Doc. 1, at 5; Doc. 2, at 1–6. Petitioner did indeed argue ineffective assistance of counsel as cause for his procedural default of Proposition II in his first postconviction application—but Proposition II is *not* Ground 1 for habeas relief.

Despite Petitioner's protestations to the contrary, Ground 1's substance first appears in Petitioner's second postconviction application—and in that second application, Petitioner raises no ineffective assistance claim at all. *See* Doc. 2-10. Petitioner has failed to argue any cause and prejudice for the default of an ineffective assistance claim pertaining

to Ground 1 and, therefore, cannot show cause and prejudice with respect to Ground 1's default. Neither has Petitioner shown that failure to consider Ground 1 will result in a fundamental miscarriage of justice, an exception to procedural bar that "applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin v. Perkins*, 569 U.S. 383, 394–95 (2013) (alteration original) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)); *see also Ballinger v. Kerby*, 3 F.3d 1371, 1375 (10th Cir. 1993) (noting that the fundamental miscarriage of justice exception is "extremely narrow" and "implicated only in 'an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent'" (quoting *Carrier*, 477 U.S. at 496)). Accordingly, the Court adopts Judge Goodwin's R&R as to Ground 1.

**(B)    Grounds 2-A and 2-B**

Petitioner also objects to Judge Goodwin's disposition of Grounds 2-A and 2-B for habeas relief. *See* Docs. 34, 36. Both grounds deal with evidentiary rulings made by the state court in Petitioner's second preliminary hearing. In Ground 2-A, Petitioner argues that his Confrontation Clause rights were violated by admitting statements the victim made to her mother. *See* Doc. 1, at 6–7; Doc. 33, at 5–6. In Ground 2-B, Petitioner argues that the state court erred by admitting and relying on transcripts from his first preliminary hearing at his second preliminary hearing, over Petitioner's objections. *See* Doc. 1, at 6–7; Doc. 33, at 14–15.[6] Judge Goodwin denied relief on both grounds, and Petitioner objects.

---

[6] Petitioner's Ground 2 is not split into subparts (A) and (B) in his habeas petition, though he does seem to bifurcate it in some manner. For "Ground Two" Petitioner states, "Violation of Confrontation and Due

As Grounds 2-A and 2-B deal with Petitioner's preliminary hearings, some contextualizing background information is needed. Petitioner was initially charged by information with Rape in the First Degree of K.L., a ten-year-old child. O.R. 1.[7] He was bound over for trial on this charge on November 16, 2011. *Id*. at 85. The state subsequently amended the information on April 17, 2012, replacing the rape charge with one count of lewd molestation. *Id*. at 153; Second Prelim. Hr'g Tr. 4–5. Petitioner's defense counsel moved to quash this amended information on July 5, 2012. O.R. 164–72. Counsel's motion centered on Petitioner's first preliminary hearing, at which Kassie Shaw, K.L.'s mother, testified about statements K.L. made to her the night Petitioner molested K.L. *Id*. Counsel argued that the state court's admission of Ms. Shaw's testimony violated Petitioner's confrontation rights under the Sixth Amendment to the United States Constitution. *Id*. And given that the state relied solely on Ms. Shaw's testimony about K.L.'s statements, counsel asserted that the case should be dismissed for insufficient evidence. *Id*.  In light of the amended information and Petitioner's motion, the state court remanded the case for a second preliminary hearing. *Id*. at 173. Following this second preliminary hearing, the state court found probable cause for the charge of lewd molestation, and Petitioner was once again bound over for trial. *Id*. at 211.

---

process, 6th and 14th Amendments to the U.S. Constitution denied petitioner a fair hearing and confrontation." Doc. 1, at 6. Underneath the "Supporting facts" section of the petition, Petitioner begins with the following: "Hearsay statements admitted a[t] preliminary hearing denied confrontation because declarant was not found unavailable and did not testify." *Id*. at 6–7. The next line begins with "II.," followed by, "Confrontation and Due process was denied in the second preliminary hearing after remand . . . by the court's use of transcripts to bind petitioner over for trial, over petitioner's objections to the hearsay and in the absence of the state laying proper predicate to introduce them." *Id*. at 7.

[7] "O.R." refers to the "Original Record" from the state court proceedings.

In Ground 2-A of his habeas petition, Petitioner again challenges the admission of statements by K.L. through her mother's testimony. *See* Doc. 1, at 6–7. Unlike with Ground 1, Petitioner raised Ground 2-A on direct appeal, and the OCCA denied him relief, writing,

> The statements K.L. made to her mother in their home immediately after the assault were not testimonial in nature and accordingly, their admission at preliminary hearing did not violate Bowens' confrontation rights. Furthermore, the statements at issue were properly admitted under the excited utterance exception to the rule against hearsay. The district court's ruling denying Bowens' motion to quash was not clearly erroneous.

Doc. 2-2, at 2. (citations omitted)

Where a § 2254 habeas claim has been adjudicated on the merits by the state courts, this Court's review is "sharply limited" by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), *Smith v. Aldridge*, 904 F.3d 874, 880 (10th Cir. 2018), and "exquisitely deferential to the state court's resolution of the defendant's claims." *Black v. Workman*, 682 F.3d 880, 891–93 (10th Cir. 2012). Under AEDPA, the Court defers to the state court's merits adjudication of a claim unless it "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C § 2254(d); *Underwood v. Royal*, 894 F.3d 1154, 1162 (10th Cir. 2018).[8]

---

[8] The Tenth Circuit has explained this standard further:

Under the "contrary to" clause of § 2254(d)(1), we may grant relief only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Court has on a set of materially indistinguishable facts. And under the "unreasonable application" clause, we may grant relief only if the state court identifies the correct governing

"If this standard is difficult to meet—and it is—that is because it was meant to be." *Burt v. Titlow*, 571 U.S. 12, 20 (2013) (internal quotation marks and citation omitted). "[H]abeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102–03 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979)). Accordingly, to scale the "formidable barrier" of AEDPA, *Burt*, 571 U.S. at 19, state prisoners "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103.

Judge Goodwin found that the OCCA did not unreasonably apply federal law in denying relief on Ground 2-A. Doc. 33, at 16–18. Judge Goodwin noted that, under the Sixth Amendment's Confrontation Clause, "[t]estimonial statements of witnesses absent from trial [may be] admitted only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine." *Crawford v. Washington*, 541

---

legal principle from the Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. An unreasonable application of federal law is different from an incorrect application of federal law. Indeed, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. In evaluating whether the application of a rule was unreasonable, we must consider the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations.

*Dodd v. Trammell*, 753 F.3d 971, 982 (10th Cir. 2013) (internal quotation marks, citations, and brackets omitted).

U.S. 36, 59 (2004); *see also* Doc. 33, at 16. In *Crawford*'s wake, the Tenth Circuit has offered guidance on when a statement is "testimonial":

> Synthesizing [Supreme Court precedent]*, we might today formulate a definition of a testimonial statement which reads: a formal declaration made by the declarant that, when objectively considered, indicates the primary purpose for which the declaration was made was that of establishing or proving some fact potentially relevant to a criminal prosecution. Or, to better conform to the current state of Tenth Circuit precedent, we might say: A formal statement is testimonial if a reasonable person in the position of the declarant would objectively foresee that the primary purpose of the statement was for use in the investigation or prosecution of a crime. As we recognized in [*United States v.*] *Summers*, the proper inquiry . . . is whether the declarant intends to bear testimony against the accused. And the standard by which a court measures the declarant's intent is an objective one.

*United States v. Smalls*, 605 F.3d 765, 778 (10th Cir. 2010) (ellipsis original) (internal quotation marks, citations, and brackets omitted); *see also United States v. Clark*, 717 F.3d 790, 816 (10th Cir. 2013). Agreeing with the OCCA, Judge Goodwin concluded that the statements at issue were plainly not testimonial, as K.L., the declarant, neither made them in a formalized setting nor objectively intended that they be used in a subsequent prosecution. Doc. 33, at 17. Accordingly, Judge Goodwin found Ground 2-A meritless, as Petitioner's confrontation rights were not implicated by non-testimonial statements.[9]

---

[9] Petitioner also contests the state courts' conclusion that K.L.'s statements fell within the "excited utterance" exception to the hearsay rule. *See* Doc. 1, at 6–7; Doc. 19, at 4–12; *see also* Fed. R. Evid. 803(2) (excepting an "Excited Utterance" from the exclusionary rule against hearsay, "regardless of whether the declarant is available as a witness," and defining it as "[a] statement relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused"); 12 O.S. § 2803(2) (same). Judge Goodwin considered these hearsay arguments in his analysis of Grounds 2-B and 2-C. *See* Doc. 33, at 10–11, 29–31. The Court agrees with Judge Goodwin's consideration. *See* pp. 14, 20–21 *infra*. Moreover, the OCCA, in considering Ground 2-A as raised on Petitioner's direct appeal, concluded that the state district court rightly found K.L.'s statements to be excited utterances. Doc. 2-2, at 2; *see also* Doc. 33, at 12–13. The OCCA's conclusion is not unreasonable or contrary to federal law, and Petitioner's objection fails to call it into question.

The Court agrees with Judge Goodwin and finds that the OCCA's denial of relief on this ground was not a decision contrary to or involving an unreasonable application of clearly established federal law. Moreover, Petitioner's objection to the R&R regarding Ground 2-A merely restates his underlying argument. That is, Petitioner fails to show error in Judge Goodwin's assessment of the issue—while Petitioner may believe that K.L.'s statements were inadmissible, testimonial hearsay, he cannot show that the OCCA unreasonably applied or acted contrary to federal law in disagreeing with him. Accordingly, the R&R is adopted as to Ground 2-A, and Petitioner is denied habeas relief.

Petitioner's Ground 2-B is slightly less straightforward, though no less meritless. Unlike with Ground 2-A, Petitioner first raised Ground 2-B in this first application for postconviction relief. *See* Doc. 2-3, at 18–25; *see also* Doc. 2-6. The OCCA found Ground 2-B procedurally barred by Petitioner's failure to raise it on direct appeal. *See* Doc. 2-9; Doc. 33, at 4.[10] As with Ground 1, Petitioner must show cause and prejudice or a fundamental miscarriage of justice to overcome this procedural bar.

Judge Goodwin assessed Ground 2-B's merits in determining whether Petitioner could show ineffective assistance of counsel as cause and prejudice for the procedural default. *See Smith*, 550 F.3d at 1267–68 ("[B]ecause Petitioner asserted ineffective assistance of appellate counsel in failing to raise his substantive . . . claim as cause for his procedural default, we examine the merits of the claim. . . . Petitioner must show an

---

[10] Petitioner argued in his first postconviction application that his failure to raise Ground 2-B on direct appeal stemmed from ineffective assistance of his appellate counsel, but the OCCA found Petitioner's ineffective assistance claim meritless. *See* Doc. 2-9, at 2–5.

objectively unreasonable decision by the appellate counsel as well as a reasonable probability that the omitted claim would have resulted in relief." (internal quotation marks and citations omitted)). In finding Ground 2-B meritless, Judge Goodwin focused on the statements K.L. made to her mother, Kassie Shaw—that is, the statements Ms. Shaw testified about in Petitioner's first preliminary hearing. *See* Doc. 33, at 10–11. Judge Goodwin concurred with the OCCA's conclusion on direct appeal: the victim's statements were properly admitted because they were not testimonial in nature (obviating any Confrontation Clause objections) and fell within the excited utterance exception to the hearsay rule. *See id.*; *see also* Doc. 2-2, at 2. This analysis overlaps with the substance of Petitioner's Ground 2-A, which focuses on the testimony of the victim's mother at the first preliminary hearing. *See* Doc. 1, at 6–7; *see also* pp. 12–13 *supra*.

In his objection, however, Petitioner insists that, under Ground 2-B, he is arguing that the state court's use of the first preliminary hearing transcripts *themselves*— irrespective of whether the underlying testimony should have been admitted in the first place—was a critical error. *See* Doc. 34, at 1–2 ("Kassie Shaw's Testimony may have been admissible in the <u>initial</u> preliminary hearing, when petitioner's counsel at that time was able to cross-examine her on her testimony, but . . . in the <u>Second</u> preliminary hearing, when Ms. Shaw's testimony, from the prior preliminary hearing was introduced against the petitioner in the form of <u>transcripts</u>, in lieu of a personal examination, the petitioner was denied his constitutional right to confrontation." (emphasis original)). To support this assertion, Petitioner seizes on the following language from *Crawford*:

> Where testimonial evidence is at issue . . . the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination. We leave for another day any effort to spell out a comprehensive definition of "testimonial." Whatever else the term covers, *it applies at a minimum to prior testimony at a preliminary hearing*, before a grand jury, or at a former trial; and to police interrogations. These are the modern practices with closest kinship to the abuses at which the Confrontation Clause was directed.

*Crawford*, 541 U.S. at 68 (emphasis added). The transcripts admitted at the second preliminary hearing contained Ms. Shaw's prior testimony at the first preliminary hearing. Thus, says Petitioner, Ms. Shaw's statements were testimonial under *Crawford* because they were given at a preliminary hearing. And because the state did not establish that Ms. Shaw was unavailable to testify at the second preliminary hearing, the state court erred by admitting her testimonial statements through the transcripts. *See* Doc. 34, at 1–4.

Petitioner's objection is unavailing. As a threshold matter, the Confrontation Clause likely did not even apply to Petitioner's preliminary hearings. *See Pennsylvania v. Ritchie*, 480 U.S. 39, 52 (1987) (plurality opinion) ("[T]he right to confrontation is basically a trial right" (internal quotation marks and citation omitted)); *Barber v. Page*, 390 U.S. 719, 725 (1968) ("The right to confrontation is basically a trial right. . . . A preliminary hearing is ordinarily a much less searching exploration into the merits of a case than a trial, simply because its function is the more limited one of determining whether probable cause exists to hold the accused for trial."); *United States v. Mitchell-Hunter*, 663 F.3d 45, 51–52 (1st Cir. 2011) ("[Defendant] does not point to a single case extending the right to confrontation beyond the context of trial, although there is extensive case law declining to apply the confrontation right to various pre- and post-trial proceedings."); *Peterson v. California*,

604 F.3d 1166, 1170 (9th Cir. 2010) ("[T]he admission of hearsay statements at a preliminary hearing does not violate the Confrontation Clause."); *United States v. Andrus*, 775 F.2d 825, 836 (7th Cir. 1985) ("The confrontation right applies at trial. . . . Consequently, the sixth amendment does not provide a confrontation right at a preliminary hearing." (citing *United States v. Harris*, 458 F.2d 670, 677–78 (5th Cir. 1972)); *United States v. Hernandez*, 778 F. Supp. 2d 1211, 1219–27 (D.N.M. 2011) (collecting cases and concluding that the Confrontation Clause does not apply "to detention hearings o[r] other preliminary hearings"); *cf. United States v. Bustamante*, 454 F.3d 1200, 1202 (10th Cir. 2006) ("*Crawford* concerned the use of testimonial hearsay statements at trial and does not speak to whether it is appropriate for a court to rely on hearsay statements at a sentencing hearing. . . . We see nothing in *Crawford* that requires us to depart from our precedent that constitutional provisions regarding the Confrontation Clause are not required to be applied during sentencing proceedings." (internal quotation marks and citation omitted)).

Regardless, even if the Confrontation Clause applied to the preliminary hearings, Petitioner waived his confrontation rights vis-à-vis the first preliminary hearing transcripts. The second preliminary hearing transcript shows that Petitioner's defense counsel consented to the use of the first preliminary hearing transcript while continuing to argue that K.L.'s statements were inadmissible, testimonial hearsay. *See* Second Prelim. Hr'g Tr. 6–9, 11–13, 16–17; *see also* Feb. 29, 2013 Prelim. Hr'g Min., O.R. 211 ("[T]he State and Defendant through counsel have agreed to introduce and utilize the testimony/transcript of the November 7, 2011 and November 16, 2011 preliminary hearings . . . . The witnesses and testimony would be the same. However, Defendant asserts his objection that [the]

testimony is inadmissible as hearsay and pursuant to . . . *Crawford* . . . ."); *id.* (noting that "Motion to exclude testimony—Hearsay and *Crawford* objections by Defense" is "overruled").[11] "[C]ounsel in a criminal case may waive his client's Sixth Amendment right of confrontation by stipulating to the admission of evidence, so long as the defendant does not dissent from his attorney's decision and so long as it can be said that the attorney's decision was a legitimate trial tactic or part of a prudent trial strategy." *United States v. Aptt*, 354 F.3d 1269, 1282 (10th Cir. 2004) (internal quotation marks and citation omitted); *see also Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 314 n. 3 (2009) ("The right to confrontation may, of course, be waived . . . ."). Petitioner gives no indication that he disagreed with his defense counsel's decision to allow the state court to rely on the first preliminary hearing transcript—and given that his counsel still objected to the admission of those portions of Ms. Shaw's testimony concerning statements K.L. made to her, Petitioner cannot argue that counsel's judgment was unsound. At bottom, Petitioner disagrees with the state court's ruling concerning Ms. Shaw's testimony as to K.L.'s statements—the substance of Ground 2-A of his habeas petition. Petitioner's attempts to

---

[11] At the second preliminary hearing, the district judge asked Mr. Hoehns, Petitioner's defense counsel, "So . . . you have no objection to the . . . Court just utilizing the transcript of that prior preliminary hearing. You are just objecting to the portions of that from which the mother testified on hearsay statements?" Second Prelim. Hr'g Tr. 8–9. Mr. Hoehns responded, "That would be correct, Judge." *Id.* at 9. The judge asked again, later in the hearing, "is everybody in agreement that we can use the transcript?" *Id.* at 12. Mr. Hoehns replied, "With the exception of those statements that we're objecting to, Judge." *Id.* Addressing defense counsel's hearsay and confrontation objections, the district judge stated, "if I rule in the State's favor, then I would just look at the preliminary hearing and . . . transcript and make my orders." *Id.* at 13. Mr. Hoehns agreed with this assessment, replying, "I believe that would be correct, Judge." *Id.* As the transcript from the second preliminary hearing shows, the evidentiary debate centered on the victim's statements, offered into evidence through her mother's testimony. Petitioner's attorney did not object to the use of the first preliminary hearing transcripts overall—only those portions containing testimony that was objected to at the first preliminary hearing.

now manufacture a separate argument pertaining to the transcripts *qua* transcripts is unconvincing and meritless—and it certainly does not offer Petitioner a basis upon which to establish that his appellate counsel was ineffective for failing to raise the argument on direct appeal, a necessity if Petitioner is to overcome the procedural bar applicable to Ground 2-B. Accordingly, having defaulted Ground 2-B and failed to show cause and prejudice or a fundamental miscarriage of justice, Petitioner is denied habeas relief.

**(C)     Ground 3**

Petitioner objects to Judge Goodwin's disposition of his third ground for habeas relief, which concerns alleged prosecutorial misconduct. *See* Doc. 1, at 8; Doc. 34, at 6–9; Doc. 36, at 14–20. Specifically, Petitioner alleges that the state committed prosecutorial misconduct by (1) repeating before the jury that Petitioner committed rape; (2) seeking sympathy from the jury for K.L.; (3) arguing facts not in evidence; (4) questioning witnesses in a conclusory, rhetorical, or argumentative manner; (5) calling Petitioner a liar; (6) presenting cumulative evidence; (7) vouching for the credibility of Lauren Donaldson, one of the state's witnesses; and (8) attempting to shift the burden of proof onto Petitioner. *See* Doc. 1, at 8; Doc. 33, at 18. Petitioner raised these prosecutorial misconduct grounds on direct appeal, and the OCCA denied him relief:

> [Petitioner] complains that several instances of prosecutorial misconduct deprived him of his right to a fair trial. When the challenged actions of the prosecutor are read and viewed in context, considering the corresponding arguments of defense counsel and the strength of the evidence, there is nothing in any of the challenged actions, individually or cumulatively, that deprived [Petitioner] of a fair trial.

Doc. 2-2, at 2–3.

"Generally, there are two ways in which prosecutorial misconduct. . . . can result in constitutional error": (1) "it can prejudice a specific right as to amount to a denial of that right," or, "absent infringement of a specific constitutional right," (2) "a prosecutor's misconduct may in some instances render a habeas petitioner's trial so fundamentally unfair as to deny him due process." *Littlejohn v. Trammell*, 704 F.3d 817, 837 (10th Cir. 2013) (internal quotation marks, citations, ellipses, and brackets omitted). While Judge Goodwin found that Petitioner's burden-shifting argument stated an alleged deprivation of a specific constitutional right, he concluded that Petitioner failed to show that the prosecutor's conduct in fact deprived him of his rights. *See* Doc. 33, at 19–20. As to the remaining episodes of alleged prosecutorial misconduct, Judge Goodwin concluded that they did not render Petitioner's trial fundamentally unfair, and—in terms of AEDPA's standard—Petitioner did not demonstrate that the OCCA's denial of relief was contrary to or rooted in an unreasonable application of federal law. *See id*. at 20–29.

Petitioner objects to Judge Goodwin's treatment of Ground 3, but his objection merely reiterates arguments he presented on direct appeal and in his habeas petition. *See* Docs. 34, 36. Petitioner fails to call into question Judge Goodwin's thorough analysis of Ground 3, and the Court agrees with Judge Goodwin's conclusions. Accordingly, the R&R as to Ground 3 is adopted, and Petitioner is denied relief.

**(D)** **Grounds 2-C, 5, and 6**

Finally, Petitioner objects to Judge Goodwin's disposition of Grounds 2-C, 5, and 6—the "Additional Grounds" for relief asserted in Petitioner's supplement to the habeas petition. *See* Doc. 19, Doc. 33, at 29–31. In Ground 2-C, Petitioner argues that the state

court erred in admitting K.L.'s statements as "excited utterances" at trial. *See* Doc. 19, at 4–12. In Ground 5, Petitioner contends his due process and confrontation rights were violated when the state court admitted testimonial hearsay statements from Kassie Shaw at his first preliminary hearing. *Id*. at 12–19. In Ground 6, Petitioner asserts that the state presented insufficient evidence at his second preliminary hearing to establish probable cause that he committed Lewd Molestation. *Id*. at 19–25. These additional grounds were raised in Petitioner's third postconviction relief petition, *see* Doc. 32, which was denied by the state court and dismissed on appeal by the OCCA. *See* Doc. 19-1.

As with Ground 1, not only are Petitioner's additional grounds procedurally barred, pursuant to the OCCA's order, but Petitioner has also defaulted any ineffective assistance of counsel claim he may have raised to overcome the procedural bar. *See* Doc. 33, at 30-31. Moreover, Petitioner fails to show that he is entitled to pursue these claims under the miscarriage-of-justice exception. *Id*. at 31. Petitioner lists these grounds for relief in his objection, but he fails to show any error in the R&R. Accordingly, the Court adopts the R&R as to these additional grounds and denies Petitioner habeas relief.

## III.   <u>Conclusion</u>

Having concluded its *de novo* review, the Court ADOPTS Judge Goodwin's R&R in full and DENIES Petitioner's habeas petition. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant for habeas relief. A certificate of appealability may issue only if the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, the

movant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See United States v. Parker*, 720 F.3d 781, 785 (10th Cir. 2013). For the reasons stated above, the Court finds that Petitioner has not satisfied this standard and so DENIES a certificate of appealability as to its ruling on Petitioner's § 2254 petition.

Judge Goodwin's thorough and well-reasoned Report and Recommendation (Doc. 33) is hereby ADOPTED in its entirety and the habeas petition (Doc. 1) is DENIED. Judgment shall be entered accordingly.

IT IS SO ORDERED this 26th day of February 2019.

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**