IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TRISTIAN DON BOWENS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-17-61-R |
| | ) |
| JOE ALLBAUGH, Director, | ) |
| | ) |
| Respondent. | ) |

### ORDER

Before the Court is Petitioner's "Motion to Vacate Final Judgment and Combined Motion to Reopen Habeas Corpus Federal Rules of Civil Procedure, Rule 60(b)(6)" (Doc. No. 77). The state has responded, and the motion is ripe for decision. For the reasons below, the Court DENIES the motion.

Mr. Bowens filed the petition with this Court on January 19, 2017, challenging his conviction in the District Court of Grady County on a single count of lewd molestation. The Court entered judgment in favor of the Respondent on February 26, 2019, and Petitioner appealed to the United States Court of Appeals for the Tenth Circuit. Doc. Nos. 37-38, 42. On November 27, 2019, the Court of Appeals denied Petitioner's request for a certificate of appealability, as required to appeal the denial of federal habeas relief [Rule 11(a) of the Rules Governing Section 2254 Cases], because Petitioner had not shown that this Court's resolution of his constitutional claims was debatable or wrong. *See Bowens v. Allbaugh*, 791 F. App'x 766 (10th Cir. 2019).

1

Mr. Bowens next attempted to amend his habeas petition. Doc. No. 62. The Court denied that motion because the case had been terminated, and there was no case to amend. Doc. No. 64. Not to be dissuaded, Petitioner once again requested a certificate of appealability from the Tenth Circuit, which the appellate court again denied. *See Bowens v. Crow*, 843 F. App'x 123 (10th Cir. 2021). Petitioner now moves the Court to vacate its final judgment and reopen his petition. Doc. No. 77.

In support of his motion, Mr. Bowens argues the Court's application of a procedural bar to Ground One of his Petition was in error because he challenges the subject matter jurisdiction of the state court, which is not subject to a procedural bar. *Id*. at 7. He also contends that the law of the case doctrine does not apply to his Rule 60(b) motion and should not bar his current motion. Doc. No. 81 at 1–10. Mr. Bowens also requests to raise a claim of actual innocence for the first time in his petition. Doc. No. 77 at 9–10. The Court does not find his argument persuasive.

Petitioner's primary obstacle is that the Tenth Circuit has already made a finding as to whether his argument could prevail as a Rule 60(b) motion. Under the law of the case doctrine, a district court is "obligated to follow [the appellate] court's determination on an issue in subsequent proceedings in the same case because a different result would allow the district court to substitute its opinion for that of [the appellate] court . . . ." *Johnson v. Patton*, 804 F. App'x 928, 930 (10th Cir. 2020) (citing *United States v. Monsisvais*, 946 F.2d 114, 118 (10th Cir. 1991)). Applying the law of the case doctrine, the Court must deny Mr. Bowens's Rule 60(b) motion.

In its order denying a certificate of appealability and affirming the Court's denial of Petitioner's "Motion to Amend Petition for Writ of Habeas Corpus" [Doc. No. 62], the Tenth Circuit held: "even construing Bowens's 'motion to amend' as a Rule 60(b) motion, the district court properly denied that motion . . . ." *Bowens*, 843 F. App'x at 125. In his current Rule 60(b) motion, Petitioner relies on and rehashes the same jurisdictional arguments as he did when he appeared before the appellate court in his request for a certificate of appealability. *See* Doc. No. 78-1 at 10–16. The Tenth Circuit's finding, quoted above, is the law of the case, which this Court cannot overturn. Consequently, the Court DENIES Petitioner's "Motion to Vacate Final Judgment and Combined Motion to Reopen Habeas Corpus Federal Rules of Civil Procedure, Rule 60(b)(6) (Doc. No. 77).

Rule 11 of the Rules Governing Section 2254 Cases requires "[t]he district court [to] . . . issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A court may issue a certificate of appealability only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To obtain a certificate of appealability, Petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons discussed above, Petitioner has not made the requisite showing on any of his claims. The Court, therefore, denies a certificate of appealability.

IT IS SO ORDERED this 21st day of July 2019.

*[signature: David L. Russell]*

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE